**Amador YOUNG, Plaintiff–Appellant,**

**v.**

**Glenn GOORD, Commissioner of the New York State Department of Correctional Services; Anthony Annucci, Counsel and Deputy Commissioner**

for the New York State Department of Correctional Services; Dirie, Captain, Correction Captain at Arthur Kill Correctional Facility; Dennis Breslin, Superintendent at Arthur Kill Correctional Facility; OCHAL, Sgt., Correction Sergeant at Arthur Kill Correctional Facility; Daniel Crum, Correction Officer at Arthur Kill Correctional Facility, Each are sued in their individual and official capacities. Defendants–Appellees.

Docket No. 02–0263.

United States Court of Appeals, Second Circuit.

May 29, 2003.

Amador Young, Staten Island, New York, for Appellant, pro se.

Eliot Spitzer, Attorney General of the State of New York (Michelle Aronowitz, Deputy Solicitor General, Leonard A. Cohen, Assistant Attorney General, on the brief), New York, New York, for Appellee.

PRESENT: STRAUB, B.D. PARKER, and RAGGI, Circuit Judges.

### *SUMMARY ORDER*

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 29th day of May, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court is VACATED IN PART and AFFIRMED IN PART.

In February 2001, Plaintiff–Appellant Amador Young, a prisoner at the Arthur Kill Correctional Facility, filed a *pro se* complaint against various correctional supervisors at Arthur Kill and officers in the New York State Department of Correctional Services ("DOCS"), alleging that his constitutional rights to free exercise of religion and equal protection of the laws were violated when he was disciplined for failing to trim his beard. Young stated that he had received three misbehavior reports (and was found guilty twice) for failing to comply with Directive 4914 and Rule 110.32 of the New York Official Compilation of Codes, Rules and Regulations, which generally prohibit inmates' beards from exceeding one-inch in length. *See* N.Y. Comp.Codes R. & Regs. tit. 7, § 270.2(B)(11)(vi). Young, a Rastafarian minister, claimed that the defendants were aware of his faith and that, because of a DOCS exemption that he received in 1997, he was not required to abide by the beard-length rule.

Upon Defendants–Appellees' motion to dismiss, the District Court (John Gleeson, *Judge* ) dismissed Young's complaint, holding that his free exercise claim was foreclosed by *Fromer v. Scully,* 874 F.2d 69 (2d Cir.1989). In addition, the court determined that Young had failed to exhaust his administrative remedies with respect to his equal protection claim. This appeal followed.

In September 2000, Congress enacted the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). *See* Pub.L. No. 106–274, §§ 1–8; 114 Stat. 803 (Sept. 22, 2000) (codified at 42 U.S.C. § 2000cc–1 to –5). Although neither Young's complaint nor his appeal mention RLUIPA, this statute may be applicable to Young's case. *See McDonald v. Pension Plan of the NYSA–ILA Pension Trust*

*Fund,* 320 F.3d 151, 160 (2d Cir.2003) (noting that "an appellate court is not limited to the particular legal theories advanced by the parties but rather retains the independent power to identify and apply the proper construction of governing law" (quotation marks omitted)).

First, the District Court premised its dismissal of Young's free exercise claim on our pre-RLUIPA decision in *Fromer,* where we upheld Directive 4914, according considerable deference to the prison officials who drafted it and finding that there was a "valid, rational connection" between the beard-length regulation and the government's identification and security interests. *Fromer,* 874 F.2d at 73–74. That standard, however, is much more deferential than the strict-scrutiny standard adopted by Congress in RLUIPA:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a *compelling governmental interest;* and (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a) (emphasis added). Thus, the standard we employed in *Fromer* is less protective of Young's interest than RLUIPA requires.

In addition, RLUIPA provides individuals with a private right of action under the statute. *See* 42 U.S.C. § 2000cc–2(a) ("A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."). Although Young did not explicitly plead a RLUIPA claim, he clearly challenged the one-inch beard regulation on religious grounds. Because Young may be able to amend his complaint to state a claim under RLUIPA, we vacate the District Court's dismissal of Young's free exercise claim and remand this case to the District Court for appropriate proceedings in accordance with RLUIPA. *Cf. Davis v. Goord,* 320 F.3d 346, 352 (2d Cir.2003). The District Court may, of course, further consider whether Young should be afforded the assistance of counsel, if he wishes it. *See* 28 U.S.C. § 1915(e).

Finally, the District Court may also need to evaluate the apparent tension between Directive 4914 and Rule 110.32. The version of Directive 4914 that was in effect at the time of Young's punishment [1] stated that an exemption could only be granted with a *court order.* The text of Rule 110.32, however, appears to conflict with that Directive, stating that an inmate could be granted an exemption from the one-inch beard length policy by *prison officials* if the inmate "has requested and received an exemption based upon his or her membership in a religion which has an established tenet against the trimming of

---

1. Directive 4914 has been revised a number of times over the last several years. Prior to 1997, Directive 4914 only allowed exemptions to the enforcement of the one-inch beard policy if the inmate had a "court order restraining the [DOCS] from such enforcement." *See* Directive 4914 dated 7/5/94, § 3–B–1. In 1997, it was changed to allow prison officials to grant an exemption from enforcement "based on [the inmate's] documented membership in a religion which has an established

tenet against the trimming of beards, including but not limited to inmates who are Rastafarian...." *See* Directive 4914 dated 1/14/97, § 3–B–1. In 1998, the DOCS revoked that change and reverted to the original directive. *See* Directive 4914 dated 2/1/98, § 3–B–1. In February 2001, the DOCS again altered Directive 4914 and restored the rule allowing prison officials to grant exemptions. *See* Directive 4914 dated 2/5/01, § 3–B–1.

beards, including, but not limited to, inmates who are Rastafarian...." N.Y. Comp.Codes R. & Regs. tit. 7, § 270.2(B)(11)(vi). *See also Chatin v. Coombe,* 186 F.3d 82, 88–89 (2d Cir.1999) (upholding due process vagueness challenge to prison disciplinary rule and directives relating to religious services).

With respect to Young's equal protection claim, we affirm the District Court's dismissal of this claim for the reasons stated in its opinion. For the reasons discussed, the judgment of the District Court is hereby VACATED IN PART and AFFIRMED IN PART.